IN THE MATTER OF THE SUMMARY INVESTIGATION OF THE ELECTION OF DIRECTORS OF SCHWARTZ & GRAY, INCORPORATED, A CORPORATION OF NEW JERSEY.

Argued January 23, 1909—Decided March 1, 1909.

1. When at an election for directors of a corporation organized under the "Act concerning corporations" (*Pamph. L.* 1896, *p.* 277), the directors neglect or refuse to produce an alphabetical list of all stockholders entitled to vote, with the residences and number of shares held by each, although the stock and transfer books be present at such meeting, such neglect or refusal pursuant to section 33 of said act, renders such directors ineligible to any office at such election, and if any of such directors are voted for and declared elected at such meeting their election will be set aside.
2. The common law requires all votes of the members of a corporation to be given in person, and the right to vote by proxy is repugnant to law, and therefore void unless the charter of such corporation either expressly or by legal implication confers such power.
3. The Corporation act, section 17, provides that absent stockholders may vote at all meetings by proxy in writing. The validity of voting by proxy must therefore rest upon the statute, and, as the enabling act is carefully limited to absent stockholders, it follows that when a shareholder who has given a proxy attends the election in person his proxy thereby becomes void, because he is not an absent stockholder.

*[Margin note: Statute changes]*

----

On application to set aside the election of directors.

Before Justices VOORHEES and MINTURN.

For the application, *MacLear & Fort.*

*Contra, Frank W. Hastings, Jr.*

The opinion of the court was delivered by

VOORHEES, J. Schwartz & Gray is a corporation organized under the act concerning corporations on the 30th day of December, 1905, by certificate duly filed. On January 3d, 1907, the incorporators of the company held the first meeting and

elected four directors, the number provided for by the by-laws, to wit, Charles B. Gray, Herman C. Schwartz, Margaret J. Schwartz and Margaret C. Schwartz. The by-laws provide that an annual meeting shall be held on the first Wednesday in each year for the election of directors. One hundred shares of stock were issued at the first meeting and since that meeting sixty-three additional shares, so that at the present time there are outstanding one hundred and sixty-three shares of the capital stock.

The petition for investigation of the election is made by Mary F. Stengel, who owns three shares; Emily A. Stengel, who owns two shares, and Christian W. Feigenspan, who owns five shares. Since the meeting of the stockholders in January, 1907, no meeting, except one when additional stock was issued, has been held until the first Wednesday of January, 1909 (January 6th, 1909), and there has been no election for directors since the first meeting of the company. Those elected at the meeting in 1907 have, pursuant to the by-laws and the constitution, held over and continued to perform the duties of such office. The incorporators held the election now being investigated on the 6th of January, and at that election Charles B. Gray received one hundred and sixty-three votes; Margaret C. Gray, one hunderd and sixty-three votes; Jean P. Howes, eighty-four votes; Henry F. Bartosch, eighty-four votes; Herman S. Schwartz, seventy-nine votes, and Mayme J. Schwartz, seventy-nine votes, and the first four named were declared elected directors.

It appears that the petitioners never received any notice of this meeting, and it also appears by the affidavit of the secretary that he mailed notices of the meeting to Margaret J. Schwartz, Margaret C. Gray and delivered a notice to Henry F. Bartosch personally, but to no other of the stockholders.

The president testifies that he caused postal cards containing notice of the meeting to be prepared, and a witness testifies that such postal cards were mailed to the petitioners, but the petitioners assert that they never actually received and had no knowledge of the calling of this meeting.

At the meeting it appears that the directors failed to produce an alphabetical list of all stockholders entitled to vote, with the residences and number of shares held by each, pursuant to section 33 of the Corporation act, although the stock and transfer books were present at the election. This section provides that "the board of directors shall produce at the time and place of such election such books and list there to remain during the election, * * * and the neglect or refusal of the directors to produce the same shall render them ineligible to any office at such election."

Charles B. Gray and Margaret C. Gray were each members of the old board of directors, in consequence of whose neglect the list failed to be produced. They were declared elected directors in the new board at that election, but clearly they were ineligible and their election must be set aside. This renders a new election necessary at least so far as Charles B. Gray and Margaret C. Gray are concerned.

It appears that the petitioners were neither of them present at the election for lack of notice, but that one Herman C. Schwartz attempted to vote and did vote for them under a power of attorney signed by A. J. Stengel, administrator. The stock of Mary and Emily Stengel had been transferred to them on the books of the company, December 1st, 1908, by A. J. Stengel, administrator of Christian W. Stengel. The petitioners, the owners of the stock, were not deceased, and hence their stock could not be voted upon a proxy given by an administrator, and, besides that, no proper evidence was offered to show who was the decedent represented by this administrator.

This brings us to a consideration of the votes cast for Jean P. Howes and Henry F. Bartosch. They each received eighty-four votes. Herman C. Schwartz and Mayme Schwartz were next lower, each having received seventy-nine votes.

The stock books show that on the date of election Howes was not a stockholder of record. He was therefore not entitled to vote. The affidavits, however, disclose that Howes, on December 10th, 1908, purchased from Charles B. Gray nineteen shares of stock which were not transferred to him on the

books of the company until after the election, but that at the time of election Howes held a certificate therefor endorsed with an assignment to him signed by said Gray; that Howes by proxy, signed by Gray, voted these nineteen shares in Gray's name, and that at the time of casting the vote on the said nineteen shares under the Gray proxy said Gray was present at the meeting. The ownership in manner aforesaid of these shares by Howes was sufficient to qualify him to be elected a director. *Matter of Election of St. Lawrence Steamboat Co.,* 15 *Vroom* 529; *In re Leslie,* 29 *Id.* 609. But as Howes was not a registered stockholder on the books of the company, he was not entitled to vote upon these shares, although he may have been a *bona fide* owner of them. *In re Cedar Grove Cemetery Co.,* 32 *Id.* 422; *Archer* v. *American Water Works Co.,* 5 *Dick. Ch. Rep.* 33.

Was he entitled to vote them as proxy for Gray when Gray was present at the election? In *Taylor* v. *Griswold,* 2 *Gr.* 222, it was held that the common law requires all votes to be given in person, and a by-law of a corporation which gives to its members the right to vote by proxy is repugnant to law and therefore void, unless the charter of such corporation either expressly or by legal implication confers the power to make such a by-law. See note to this case as reported in 27 *Am. Dec.* 60, where the authorities are collected.

The Corporation act, section 17, provides that "absent stockholders may vote at all metings by proxy in writing." The Court of Errors and Appeals, referring to this section (*Chapman* v. *Bates,* 16 *Dick. Ch. Rep.* 666), says: "Both of these sections (sections 17 and 36) seem to have been enacted for the convenience of stockholders who for any reason do not attend stockholders' meetings." The validity of voting by proxy must, therefore, rest upon the statute, and, as the enabling act is carefully limited to absent stockholders, it follows that when a shareholder who has given a proxy attends the election in person his proxy thereby becomes void, because he is not an absent stockholder. We therefore hold that Mr. Howes had no right to vote the shares which were registered in Gray's name under the proxy while Gray was present in

person at the meeting. Therefore the nineteen votes thus cast were illegal ballots. The proofs disclose that they were cast in favor of Jean P. Howes and Henry F. Bartosch. Their rejection by the inspectors of election would have resulted in the choice of Mr. Herman C. Schwartz and Mayme J. Schwartz for directors after the exclusion of the five ballots cast upon the Stengel stock in favor of Herman C. Schwartz and Mayme J. Schwartz, which were voted under an invalid proxy. The whole vote as corrected will stand for Herman C. Schwartz and Mayme J. Schwartz, seventy-four votes, and for Jean P. Howes and Henry F. Bartosch, sixty-five.

The election of Charles B. Gray and Margaret C. Gray will therefore be set aside and as to them a new election ordered.

The election of Jean P. Howes and Henry F. Bartosch will likewise be set aside because they did not receive a majority of the legal votes cast, but such course cannot result in placing in office Herman C. Schwartz and Mayme J. Schwartz, for they, being members of the old board, were also ineligible to election, nor can we declare Jean P. Howes and Henry F. Bartosch entitled in consequence of the fact that Herman C. Schwartz and Mayme J. Schwartz cannot take the office, unless the votes cast for Herman C. Schwartz and Mayme J. Schwartz are thrown away because voted for ineligible candidates. That would be contrary to the holding of this court. *In re Lawrence Steamboat Co., supra.*

Therefore, under the principles stated in *Stratford* v. *Mallory,* 41 *Vroom* 294, a new election will be ordered for the whole board. There being no provision to the contrary in the certificate of incorporation, the directors of this company, according to the statute, "hold office for one year and until others are chosen and qualified in their stead." *Corporation act,* § 12. Inasmuch as at the election under investigation there was no legal choice of directors to take the places of those in office immediately preceding such election, and therefore none could legally qualify as such, it follows that the old board of directors are still in office.

An order will be made that the corporation hold a new election for directors at the principal office of the company on a

day to be fixed in said order, and that notice of such meeting as required by the by-laws shall be given to each stockholder in the manner provided by the by-laws.